IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRENDON L. THOMAS,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 1:23-00248-JB-N** |
| | ) |
| **DEE SMITH** *and* | ) |
| **ALABAMA CREDIT UNION,** | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

The Plaintiff, **BRENDON L. THOMAS**, initiated this civil action without counsel (*pro se*) by filing a complaint with the Court on July 5, 2023. *See* (Doc. 1); Fed. R. Civ. P. 3 & 7(a)(1). The assigned District Judge has referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (7/6/2023 electronic reference notation).

In submitting the complaint, the Plaintiff did not pay the requisite $402 in filing and administrative fees for instituting a civil action, *see* 28 U.S.C. § 1914(a),[1] nor did he file an affidavit and motion for leave to proceed without prepayment of fees, or *in forma pauperis* (IFP), under 28 U.S.C. § 1915. Accordingly, by order

---

[1] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). At the time this suit was initiated, the Judicial Conference prescribed an additional $52 administrative fee for filing a civil action, suit, or proceeding in a district court.

entered July 10, 2023, the Court directed the Plaintiff to, no later than July 24, 2023, "*either* (1) pay to the Clerk of Court the $402 in fees for instituting this civil action, *or* (2) complete and file an IFP motion, using this Court's form, that provides clear answers to all requests for information (even if the answer is "0," "none," etc.)." (Doc. 2).[2] The Plaintiff failed to do either. Instead, he filed two documents titled "Affidavit of Fact, Writ of Error," one on July 17, 2024 (Doc. 3), the other on July 24, 2023 (Doc. 4).

The two "Affidavits" both reference the "Moorish National Republic," the "Moorish Divine and National Movement of the World," and the "Aboriginal and Indigenous Natural Peoples of North-West Amexem North America," which suggest " 'the sorts of frivolous theories of Moorish heritage vis-à-vis sovereignty that courts have universally rejected.' " *Murphy v. Alabama*, No. CV 1:22-00018-KD-N, 2022 WL 4242840, at *2 (S.D. Ala. July 14, 2022), *report and recommendation adopted*, 2022 WL 4240896 (S.D. Ala. Sept. 14, 2022) (quoting *White v. Ozelie*, No. 19-CV-646, 2019 WL 2060135, at *2 (E.D. Wis. May 9, 2019) (citing cases)).[3] Both documents argue, in essence, that the Plaintiff has an

---

[2] A copy of the order was mailed to the Plaintiff at the address he provided the Clerk of Court when initiating this action, and has not been returned as undeliverable.

[3] *See also, e.g.*, *Carroll v. Moorehead*, 710 F. App'x 346, 347 (10th Cir. 2018) (unpublished) ("To the extent Mr. Carroll's arguments challenge the dismissal of his claim that the United States lacks jurisdiction to incarcerate him because he is a Moorish American National, as noted above, we agree with the district court

"unhindered" right to proceed without prepayment of the filing and administrative fees for initiating this action.[4] Not so.

---

that his claim is frivolous. Courts uniformly have so held. *See, e.g.*, *Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (declaring argument 'that as a result of eighteenth-century treaties the United States has no jurisdiction over its Moorish inhabitants' is 'without any basis in fact'); *United States v. Burris*, 231 Fed. Appx. 281, 282 (4th Cir. 2007) (unpublished) (describing the defendants claim that 'the court lacked jurisdiction because of his status as a Moorish American National' as 'patently frivolous'); *United States v. Heggins*, 240 F. Supp. 3d 399, 404 (W.D.N.C. 2017) (stating '[c]ourts ... have repeatedly rejected similar [Moorish American National] arguments as baseless and frivolous'); *Moose v. Krueger*, 2016 WL 7391513 at *3 (C.D. Ill. Dec. 21, 2016) (rejecting for the fifth time as 'meritless' the claim that the government, including the federal court, lacks jurisdiction because the petitioner is a Moorish American National sovereign citizen). Mr. Carroll offers no pertinent authority to the contrary."); *Sorrells v. Philadelphia Police Dep't*, 652 F. App'x 81, 83 (3d Cir. 2016) (per curiam) (unpublished) ("Sorrells' asserted legal basis for the contention that the Philadelphia Parking Authority seized his vehicle illegally is that the relevant vehicle-registration-plate law did not apply to him because of his purported status as a 'Moorish American National.' That legal theory is indisputably meritless. *Cf. United States v. Anzaldi*, 800 F.3d 872, 878 (7th Cir. 2015) (discussing a belief with 'no legal support' that a defendant's 'ancestors came from Africa, that he is therefore a Moorish national, and that as a result he need obey only those laws mentioned in an ancient treaty between the United States and Morocco.'); *United States v. Frazier–El*, 204 F.3d 553, 569 (4th Cir. 2000) ('The argument that Frazier–El sought to advance on his behalf (that the court lacked jurisdiction over him as a Moorish national) was indeed a frivolous one.').").

[4] Citing to the first paragraph of Article I, Section 10 of the U.S. Constitution ("No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."), the Plaintiff claims he is entitled to proceed IFP so long as he avers that he has no "gold and silver coin." However, any argument "that only gold and silver coin may be constituted legal tender by the United States[] is hopeless and frivolous, having been rejected finally by the United States Supreme Court one hundred years ago." *Foret v. Wilson*, 725 F.2d 254, 254–55 (5th Cir. 1984) (per

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system[,]" *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962)), but "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986), and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam). *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee … To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). While "[a]n affidavit addressing the statutory language…need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915[,]" it must show "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v.*

_____

curiam) (citing *Juilliard v. Greenman*, 110 U.S. 421, 4 S. Ct. 122, 28 L. Ed. 204 (1884)). *See also Rudd v. KeyBank, N.A.*, No. C2-05-CV-0523, 2006 WL 212096, at **4-5 (S.D. Ohio Jan. 25, 2006) (collecting cases explaining that Article I, Section 10 merely prevents the states from establishing their own legal tender, and does not prohibit Congress from establishing other forms of legal tender other than gold and silver).

*Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam). *See also*

*Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014)

(per curiam) (unpublished)[5] ("A court may not deny an IFP motion without first

comparing the applicant's assets and liabilities in order to determine whether he

has satisfied the poverty requirement." (citing *Martinez*, 364 F.3d at 1307-08));

S.D. Ala. GenLR 84 (the Court's forms, including its form IFP motion, "illustrate

the information that the Court deems necessary in those situations applicable to

each form").

A federal district court is authorized to dismiss a case *sua sponte* for failure

to prosecute and/or failure to comply with court orders under both Federal Rule

of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K*

*Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). A court

can also dismiss a case for failure to pay the filing and administrative fees

required by § 1914(a) after failing to show entitlement to IFP status. *Cf. Escobedo*

*v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("[I]f an IFP application is

submitted with the complaint in lieu of the filing fee, and the application is

thereafter denied, the district court will be free to dismiss the complaint if the fee

is not paid within a reasonable time following the denial.").

---

[5] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

The undersigned notes that both "Affidavits" submitted in response to the Court's prior order make arguments similar to an "Affidavit of financial status" dated June 29, 2023 (Doc. 1-2, PageID.10-11), that the Plaintiff submitted with his complaint. The Court implicitly rejected the June "Affidavit of financial status" when it ordered the Plaintiff to pay the filing fee or file a proper IFP motion. The Plaintiff was also warned that his failure to comply could result in dismissal of his case. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion… [O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."). In spite of this, the Plaintiff failed to comply and instead persisted in his meritless position in response to the Court's order. As the Plaintiff appears unwilling to abandon his arguments and comply with the Court's order, the undersigned declines to exercise discretion to give him a second opportunity to comply.[6]

---

[6] The undersigned also takes judicial notice that the Court rejected the Plaintiff's same "Affidavits" and argument in *Brendon L. Thomas v. Meredith Spraggins, et al.*, 1:23-cv-00253-JB-MU, and on August 30, 2023, dismissed that case without prejudice for failure to comply with the Court's order there to pay the filing fee or file a proper IFP motion. The Plaintiff did not object to the Magistrate Judge's recommendation in that case or appeal that decision, and he has not attempted to change his position in this case in light of the decision in the other case.

Upon due consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** (1) for failure to pay the statutory filing and administrative fees for this action or show entitlement to IFP status; and, additionally and alternatively, (2) for failure to prosecute and/or obey a court order, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. Int'l Family Ent., Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995) (per curiam); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **11th** day of **April 2024**.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**